Jeremiah M. Hudson, ISB No. 8364
Christopher F. Brown, ISB No. 9328
FISHER HUDSON SHALLAT
950 W. Bannock St., Ste. 630
Boise, ID 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900
jeremiah@fisherhudson.com
chris@fisherhudson.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHELSEY DUDLEY,<br><br>           Plaintiff,<br><br>vs.<br><br>BOISE STATE UNIVERSITY; TONY ROARK in his official and individual capacity; MANDY NELSON in her official and individual capacity; KATE LAW in her official and individual capacity; and DOES I-X,<br><br>           Defendants. | Case No.: 1:22-cv-495<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** |

COMES NOW Plaintiff Chelsey "Brooke" Dudley, by and through her counsel of record, and hereby alleges and requests injunctive relief as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal civil rights propounded herein pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are located in, and all incidents, events and occurrences giving rise to this action took place in Ada County, Idaho.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 1

## PARTIES

3. Plaintiff Chelsey "Brooke" Dudley (hereinafter "Brooke") is a resident of Canyon County, Idaho, and was formerly a student at Boise State University. Brooke received her Bachelor of Arts in Social Work degree on May 7, 2022. Brooke was a good student at Boise State University, and she had no disciplinary actions while she was a student.

4. Defendant Boise State University is an institution of higher learning in Ada County, Idaho.

5. Defendant Tony Roark ("Defendant Roark") is the Interim Divisional Dean for the College of Health Sciences School of Social Work at Boise State University.

6. Defendant Mandy Nelson ("Defendant Nelson") is the Registrar at Boise State University.

7. Defendant Kate Law ("Defendant Law") is the Assistant Dean of Students at Boise State University.

## FACTS GIVING RISE TO THIS COMPLAINT

8. The preceding paragraphs are renewed and incorporated herein by reference.

9. During her senior year at Boise State University, between August of 2021 and April of 2022, Brooke enrolled in SOCWRK 481, which is the Social Work Field Practicum II internship required of social work majors.

10. Brooke's internship for SOCWRK 481 was with Idaho Department of Health and Welfare ("IDHW").

11. Brooke completed the requirements of her SOCWRK 481 internship around April of 2022—including approximately 480 hours of work at IDHW.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 2

12. Following Brooke's completion of SOCWRK 481, the field supervisor for the class evaluated Brooke's performance in the course, giving Brooke a 4.6 out of 5 for "Competency 1: Demonstrate Ethical and Professional Behavior," a 4.67 out of 5 for Competency 2: Engage Diversity and Difference in Practice," a 5 out of 5 for "Competency 3: Advance Human Rights and Social, Economic, and Environmental Justice," a 4.3 out of 5 for Competency 4: Engage In Practice-Informed Research and Research-Informed Practice," a 5 out of 5 for "Competency 5: Engage In Policy Practice," a 4 out of 5 for "Competency 6: Engage with Individuals, Families, Groups, Organizations, and Communities," a 4.75 out of 5 for "Competency 7: Assess Individuals, Families, Groups, Organizations and Communities," a 4.6 out of 5 for "Competency 8: Intervene with Individuals, Families, Groups, Organizations and Communities," and a 4.75 out of 5 for "Competency 9: Evaluate Practice with Individuals, Families, Groups, Organizations and Communities."

13. On **May 7, 2022**, Brooke graduated from Boise State University with a Bachelor of Arts in Social Work. Brooke's Bachelor of Arts in Social Work is a requirement to become a licensed social worker in Idaho.

14. Prior to Brooke's graduation on May 7, 2022, Brooke's "final grade" or "P" (for Pass) for SOCWRK 481 had been submitted pursuant to Boise State University's University Policy 4000.

15. Instructor Ayala was Brooke's instructor of record for SOCWRK 481, and based upon information and belief, Instructor Ayala submitted Brooke's final grade for SOCWRK 481.

16. On **July 14, 2022**, Brooke took the ASWB Bachelors Social Work Licensing Exam, which Brooke passed.

17. On **August 24, 2022**, Brooke became a licensed social worker in the State of Idaho.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 3

18. On **November 2, 2022**, Brooke was sent a letter from Defendant Roark, the Interim Divisional Dean for the College of Health Sciences, that stated IDHW had conveyed to him the results of an "investigation establishing beyond doubt that you accessed confidential client information within IDHW's database, information in files you had no authorization to view and in which you had no legitimate business interest."

19. The November 2, 2022, letter further stated:

> In light of these serious, intentional, and repeated violations, your grade for SOCWRK 481 will be changed from a passing grade of 'P' to a failing grade of 'F.' As a consequence of this grade change, you have not satisfied the graduation requirements for the BSW degree, rendering your transcript invalid. You will be contacted by the Office of the Registrar under separate cover regarding actions to be taken in consequence of this fact.

20. The November 2, 2022, letter from Defendant Roark was the first correspondence that Brooke had received from Boise State University regarding any alleged misconduct prior to her graduation from Boise State University in the Spring of 2022.

21. Boise State University's University Policy 3180 is titled "Changes in Final Grades," and it states that the "Responsible Party" is both the Provost and Vice President for Academic Affairs and the Office of the Registrar.

22. The "Scope and Audience" section of University Policy 3180 states that "[t]his policy applies to all University students."

23. University Policy 3180 states that the "Policy Purpose" is "[t]o describe the procedure and conditions under which final grades may be changed."

24. The "Policy Statement" set forth in University Policy 3180 states, "[g]rades are considered final when the grade due date has passed for the semester. All grade changes after this date must be submitted by the instructor of record."

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 4

25. University Policy 3180 provides only two ways that may lead to "Changes in Final Grades":

    a. "Students may initiate a change in final grade request with the individual instructor of record. If a change in final grade request is denied, the student may appeal the denial as outlined in Section 3.3 of this policy."

    b. "The instructor of record may change a **letter grade** by completing a Grade Change card. Required approval signatures on the card include the official instructor of record and the Department Chair for the department offering the course." (emphasis added).

26. As set forth in University Policy 3230, a class that uses a letter grade calculation is one that consists of grades of A, B, C, D, or F.

27. A pass/fail course, such as SOCWRK 481, is not assessed with letter grades.

28. Pursuant to University Policy 3180, only a student may initiate a change in a final grade in a pass/fail class since it is not graded with a letter grade.

29. Defendant Roark was not Brooke's instructor for SOCWRK 481.

30. Defendant Roark did not comply with University Policy 3180 when changing Brooke's final grade for SOCWRK 481 from a "P" to an "F" (for Fail).

31. On **November 3, 2022**, Brooke was sent a letter from Defendant Nelson from the Office of the Registrar at Boise State University stating, in pertinent part:

> The Registrar's Office has received and processed a grade change from Dr. Tony Roark, Interim Divisional Dean, for SOCWRK 481, Social Work Field Practicum II. The grade has been changed from a passing grade of 'P' to a failing grade of 'F.'
>
> As a consequence of this change, you no longer satisfy the graduation requirements for a Bachelor of Arts in Social Work.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 5

> Thus, your degree has been rescinded. Your transcript has been updated to reflect this. The diploma you received for your BA is no longer valid and should be destroyed. Please note, the Conflict Management Certificate you earned is still valid.
>
> Any transcripts that were sent after your degree was posted will be resent with an updated copy. I have included an updated unofficial copy with this letter for your records.

32. The November 3, 2022, letter was the second correspondence Brooke received from Defendants about the allegations against her—informing Brooke that her Bachelor of Arts in Social Work had been rescinded.

33. In addition to informing the Office of the Registrar that Defendant Roark had changed Brooke's final SOCWRK 481 grade from a 'P' to an 'F,' Boise State University sent the State of Idaho's Division of Occupational and Professional Licenses Board of Social Work Examiners a revised transcript "which shows that your bachelor's degree in Social Work has been removed from your official transcript."

34. Defendant Roark made the decision to change Brooke's 'P' to an 'F' in SOCWRK 481, Social Work Field Practicum II in a manner contrary to Boise State University's policies and procedures, thus depriving her of the process Brooke was due by Boise State University's own due process procedures.

35. Defendants changed Brooke's grade and rescinded her degree before notifying Brooke of the allegations against her, presenting Brooke with any evidence on which Defendants relied upon in making their decision, and before allowing Brooke any opportunity to respond to the allegations.

36. The penalty imposed upon Brooke by Defendants is the worst possible penalty Defendants could impose under Boise State University's policies and procedures.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 6

37. On **November 17, 2022**, Defendant Kate Law, the Assistant Dean of Students at Boise State University, sent Brooke an email entitled "Incident Report Notification."

38. In Defendant Law's November 17, 2022 email, Defendant Law stated, among other things, that Boise State University had received information that Brooke had violated Student Code of Conduct "Section 4/AC. Violation of University Policy and/or Law."

39. Defendant Law's November 17, 2022 email alleged that Brooke had accessed confidential client information from IDHW's database in violation of the NASW code of ethics, student Professional Conduct and Professional Standards, IDHW's expectations for employees and inters, and state and federal privacy laws.

40. The email further stated, "**While we understand this letter may be challenging, please understand, no decision has yet been made regarding this situation. Your input is important to the process and thus I am hopeful that an open, honest discussion about this incident which may resolve it in a timely manner, both for you and the university.**" (emphasis in original).

41. Boise State University set a pre-hearing date for November 29, 2022, and a Student Conduct Board hearing date for Monday December 12, 2022.

42. At the pre-hearing on November 29, 2022, Defendant Law did not have any of the evidence available that Boise State University intended to rely upon in the hearing on December 12, 2022.

43. At the pre-hearing, Defendant Law stated that Defendant Roark's decision to change Brooke's SOCWRK 481 grade from a 'P' to an 'F,' and the subsequent recission of Brooke's Bachelor of Arts in Social Work degree, were not issues to be addressed or determined at the December 12, 2022 hearing—as it was Boise State University's position that Defendant

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 7

Roark had the right to change Brooke's SOCWRK 481 grade from a 'P' to an 'F'.

44. At the pre-hearing, Defendant Law asserted that BSU does not intend to call any witnesses against Brooke, and instead will rely on summaries prepared by an IDHW investigator.

45. At the pre-hearing, Defendant Law stated that Boise State University would seek the following Student Conduct Sanctions against Brooke: (1) Expulsion from the University, and (2) Revocation of Brooke's degree.

46. University expulsion and revocation of a degree are the two most severe punishments that Boise State University can impose on a student or former student as sanctions for violations of the Student Code of Conduct.

47. Since Brooke is no longer a student at Boise State University, University Expulsion would prevent her from ever returning to achieve her degree that had been unilaterally rescinded.

48. University Policy 2020 governs Student Conduct Hearings. University Policy 2020 only allows Brooke three (3) business days prior to her hearing to review the evidence that will be introduced by Boise State University against Brooke.

49. University Policy 2020 does not allow Brooke to directly ask questions of witnesses, but instead she is required to submit her questions beforehand to the Conduct Board who will ask the questions on her behalf—preventing her from rephrasing questions that are unclear or misunderstood or asking follow-up questions based on witness responses.

50. University Policy 2020 does not allow Brooke to be represented by an attorney during her hearing, and while she is allowed to have an "advisor" present, the advisor is not permitted to ask questions or make statements.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 8

51. Pursuant to University Policy 2020, Brooke is required to submit her witness list prior to receiving the evidence from Defendants. Brooke does not know what witnesses she will need to call until she sees the evidence against her.

52. Brooke cannot adequately prepare for her hearing on Monday December 12, 2022—having only been given access to all of the evidence three business days prior.

**FIRST CLAIM FOR RELIEF**
**Violation of Procedural Due Process Rights Under the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983**
**[DEFENDANT ROARK]**

53. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

54. As alleged above, Brooke is a former Boise State University student, who graduated in May 7, 2022 with a Bachelor of Arts in Social Work degree.

55. Under both Idaho and Federal law, Brooke's completion of her Bachelor of Arts in Social Work Degree has conferred upon her a property interest, which is protected under the procedural due process provisions of the Fourteenth Amendment of the United States Constitution.

56. Brooke's procedural due process rights are enforceable under 42 U.S.C. § 1983.

57. As a matter of procedural due process, Brooke was entitled to the process and protections set forth in University Policy 3180.

58. Dr. Roark failed to comply with University Policy 3180 when changing Brooke's final grade in SOCWRK 481 from a "P" to an "F," as Defendant Roark cannot change a final grade in a pass/fail class unless the change is initiated by the student.

59. As a matter of procedural due process, Brooke is also entitled to a fair process before she can be deprived of any such property interest.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 9

60. Alternatively, Defendant Roark changed Brooke's SOCWRK 481 grade from a 'P' to an 'F' before notifying Brooke of the allegations against her, before allowing Brooke to review and confront any evidence against her, and before giving Brooke an opportunity to respond to those allegations.

61. The actions of Defendant Roark have been taken under color of state law, and he should be restrained and enjoined as his actions constitute a violation of Brooke's clearly established rights under both federal and state law.

### SECOND CLAIM FOR RELIEF
**Violation of Procedural Due Process Rights Under the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983**
**[DEFENDANT NELSON]**

62. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

63. As a Boise State University Registrar, Defendant Nelson was a "Responsible Party" set forth in University Policy 3180 regarding changes to final grades.

64. Defendant Nelson failed to ensure that Defendant Roark complied with University Policy 3180, when processing Defendant Roark's change to Brooke's final grade in SOCWRK 481 from a "P" to an "F."

65. Defendant Nelson rescinded Brooke's Bachelor of Arts in Social Work Degree because she failed to ensure compliance with University Policy 3180 when processing Defendant Roark's change to Brooke's final grade in SOCWRK 481 from a "P" to an "F."

66. Alternatively, Defendant Nelson rescinded Brooke's Bachelor of Arts in Social Work Degree before providing Brooke with sufficient notice of the allegations against her,

allowing Brooke to review and confront any evidence against her, and giving Brooke an opportunity to respond to those allegations.

67. Defendant Nelson conveyed Brooke's transcripts to the State of Idaho Division of Occupational and Professional Licenses, before providing Brooke with sufficient notice of the allegations against her, allowing Brooke to review and confront any evidence against her, and giving Brooke an opportunity to respond to those allegations.

68. The actions of Defendant Nelson have been taken under color of state law, and she should be restrained and enjoined as her actions constitute a violation of Brooke's clearly established rights under both federal and state law.

## THIRD CLAIM FOR RELIEF
### Violations of Due Process Rights under the Idaho Constitution
### [DEFENDANT LAW]

69. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

70. University Policy 2020 sets forth the procedures for a Conduct Board Hearing.

71. Defendant Law informed Brooke that Boise State University intends to request that the Conduct Hearing Board expel Brooke from Boise State University and revoke Brooke's Bachelor of Art in Social Work degree in the event the Board finds a "Violation of University Policy and/or Law."

72. Expulsion and revocation of a degree are the most severe punishments Boise State University can impose on a student or former student for a violation of the Student Code of Conduct.

73. Such punishments will nullify years of Brooke's education, will cost Brooke tens of thousands of dollars that Brooke spent to earn her Bachelor of Arts in Social Work Degree, will

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 11

void Brooke's license as a social worker through the State of Idaho Division of Occupational and Professional Licenses, will prevent her from going to graduate school, and will inhibit her admission to any other institution of higher learning, among other severely negative impacts.

74. University Policy 2020 does not permit Brooke to be represented by an attorney during her hearing in order to ask questions or make arguments on Brooke's behalf.

75. Defendant Law intends to deprive Brooke of legal representation at her hearing despite the extraordinarily severe punishment that Boise State University is seeking.

76. Defendant Law has failed to identify any specific policy or law by number that Boise State University alleges that Brooke has violated.

77. Brooke has a due process right to know, with specificity, which policies or laws Boise State University intends to allege that Brooke violated.

78. University Policy 2020 only gives Brooke three (3) business days prior to her hearing to review the evidence that will be introduced by Boise State University against Brooke.

79. Defendant Law intends to deprive Brooke of sufficient time to prepare her defense by giving Brooke only three (3) business days to review the evidence that Boise State University plans to introduce against her—despite the extraordinarily severe punishment Boise State University is seeking.

80. University Policy 2020 does not allow Brooke to ask questions of witnesses, but instead she is required to submit her questions beforehand to the Conduct Board who will ask the questions on her behalf.

81. Defendant Law intends to deprive Brooke of the ability to ask questions in a way that she intends or reframe her questions in a way that the witness might better understand, or to ask follow-up questions based upon witnesses' responses. Brooke has a right to ask questions, or

have an attorney ask questions on her behalf, given the severe punishment Boise State University is seeking.

82. Defendant Law has asserted that Boise State University does not intend to call any witnesses against Brooke, and instead will rely on summaries prepared by an IDHW investigator.

83. Brooke has a due process right to confront the evidence, and the individuals who created the evidence, given the extraordinarily severe punishment that Boise State University is seeking.

84. The actions of Defendant Law have been taken under color of state law, and she should be restrained and enjoined as her actions constitute a violation of Brooke's clearly established rights under both federal and state law.

## FOURTH CLAIM FOR RELIEF
### Violations of Due Process Rights under the Idaho Constitution
### [ALL DEFENDANTS]

85. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

86. Under Article I, Section 13 of the Idaho Constitution, Brooke is entitled to due process of law concerning Defendants Roark and Nelson's decision to provide her with a failing grade, rescinding her Bachelor of Arts in Social Work degree, and conveying the same to the Idaho Division of Occupational and Professional Licenses, Board of Social Work Examiners, before providing Brooke with sufficient notice of the allegations against her, allowing Brooke to review and confront any evidence against her, and giving Brooke an opportunity to respond to those allegations.

87. Under Article I, Section 13 of the Idaho Constitution, Brooke is entitled to due process of law concerning Defendant Law's Student Conduct Board hearing on December 12, 2022.

88. For the reasons set forth in the First, Second, and Third Claims for Relief, Defendants have violated Brooke's rights to procedural due process under the Idaho Constitution.

## COSTS AND ATTORNEY FEES

Plaintiff's claims arise from violations of 42 U.S.C. § 1983. As an action to enforce this provision and vindicate a violation of civil rights, Plaintiff is entitled to an award of reasonable costs of suit and attorney fees in an amount deemed reasonable by this Court pursuant to 42 U.S.C. § 1988 in the event she is the prevailing party.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues properly tried by a jury in the above-entitled matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on each of her claims for relief against the Defendants Boise State University, Tony Roark, Mandy Nelson, and Kate Law as follows:

a. For a temporary restraining order, as well as preliminary and permanent injunctive relief requiring Defendants to exonerate Plaintiff of all charges of Student Misconduct, and to:

   i. Allow her to be represented by an attorney during any future hearing.

   ii. Give her notice of the specifically numbered policies and laws that she is accused of violating.

   iii. Give her notice of what specific conduct she is alleged to have committed.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 14

        iv.  Allow her adequate time to review the allegations against her, review the evidence against her, and prepare her defense in any future hearing.

        v.  Allow her or her attorney to question witnesses and present arguments.

        vi.  Require Boise State University to present IDHW investigators as witnesses.

b.    For such other and further relief as this Court deems just and equitable.

c.    Plaintiff hereby requests a trial by jury.

DATED this 7th day of December, 2022.

                                        FISHER HUDSON SHALLAT

                                        */s/ Jeremiah Hudson*
                                        Jeremiah M. Hudson – Of the Firm
                                        *Attorney for Plaintiff*

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** - 15

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on 12/07/22

*Chelsey Dudley*
Chelsey Dudley

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF - 16**